**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| DANCO, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LAVELLE INDUSTRIES, INC.,<br><br>Defendant. | Civil Action No.: 5:16-CV-00048-CMC |

**DANCO, INC.'S RESPONSE IN OPPOSITION TO LAVELLE INDUSTRIES, INC.'S**
**MOTION TO AMEND INVALIDITY CONTENTIONS**

Without offering any actual explanation – beyond conclusory statements and general platitudes –for why it should be allowed to belatedly alter its invalidity contentions, Defendant Lavelle Industries, Inc., seeks to cast aside the requirements of the Court's Patent Rules and the Court's deadlines set forth in the Agreed Docket Control Order and now expand its P.R. 3-3 disclosures more than three months after they were required to be served on Plaintiff Danco, Inc. ("Danco"). Lavelle contends that its untimely request for amendment is based on unspecified "things" it learned about the infringement case in the preliminary injunction stage of the case, for which substantive briefing was completed by the end of October 2016 and oral argument concluded in the first week of November 2016. Lavelle fails to point the Court to any, actual new "things" it learned or that were "revealed" in preliminary injunction briefing, discovery or argument, because nothing about Danco's infringement case has changed since the outset of this case, other than Lavelle's own "expert's" admission that the infringement case is all about whether Lavelle's accused product has one feature (the "ridge") taught by the asserted claims of the only patent-in-suit. Lavelle's motion is notably silent on this point, and nowhere does it identify any meritorious good cause for attempting to materially change its invalidity contentions at this point in the case, after the claim construction process prescribed by the Court's Docket Control Order has already commenced.

Contrary to Lavelle's mischaracterization of the procedural posture of this case, the parties are in the midst of the claim construction process, having already exchanged proposed terms for construction by the Court, preliminary constructions of identified terms, and identifications of extrinsic evidence to be relied upon in briefing the parties' claim construction positions. Claim construction briefing is imminent, with the *Markman* hearing set shortly thereafter, and discovery is underway and closes in the first week of June. Document discovery

has been underway pursuant to paragraphs 1 and 3 of the Discovery Order, and Danco has undertaken additional fact discovery though interrogatories and notices of deposition.

Lavelle has already once expressly sought to delay this case, which effort was denied by the Court. Now, Lavelle seeks to ignore the Court's established deadlines and undo the claim construction and discovery work done to date, which would necessarily have to be re-done were Lavelle allowed to change and enlarge its invalidity positions at this late date. In view of Lavelle's having shown no good cause for such delay or a legitimate excuse for its lack of diligence, the ensuing prejudice to Danco, and unnecessary complication of the case schedule, Lavelle's motion should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Danco's Infringement Allegations and Contentions

Danco filed this case on April 4, 2016. *See* Docket Entry # 1. As an exhibit to the complaint, Danco included a preliminary claim chart, specifically identifying how Lavelle's accused products met the limitations of all asserted claims of the '455 patent. *See* Docket Entry # 1-5. On July 21, 2016, Danco moved for a preliminary injunction and in support of its motion provided Lavelle with a highly-detailed description of contentions that Lavelle was infringing its asserted '455 patent, including an element-by-element infringement analysis of Lavelle's accused products. *See*, *e.g.*, Docket Entry # 12-2. Further, in accordance with the Court's original proposed scheduling order and P.R. 3-1, Danco timely served its "Disclosure of Asserted Claims and Infringement Contentions" on Lavelle on August 16, 2016. *See* Declaration of Eric Maurer, attached hereto as Exhibit A, at ¶¶ 2-3.

Lavelle filed its response brief on the injunction issues on September 12, 2016, contending that Danco was not likely to succeed on the merits of its infringement and Lavelle's

invalidity claims, including a lengthy declaration and report from its purported technical expert. *See* Docket Entry # 27; Docket Entry # 27-3 (Declaration and report of Steven R. Thomas, P.E.). That same day Lavelle produced from its own records copies of all of the actual prior references analyzed and addressed by Mr. Thomas. *See* Ex. A at ¶ 4. Lavelle then availed itself of the opportunity to depose Danco's technical expert on the issues of infringement and interpretation of the asserted claims of the '455 patent on October 6, 2016. *See* Ex. A at ¶ 5; Docket Entry # 42-3 (excerpts of Jones deposition transcript). Lavelle filed its surreply brief, completing briefing on the injunction issues of likely infringement and validity of the '455 patent, on October 31, 2016. *See* Docket Entry # 53. Importantly, Danco has never amended nor has sought leave to amend its original August 2016 "Disclosure of Infringement Contentions." Ex. A at ¶ 6.

**B. Lavelle's Invalidity Allegations and Contentions**

On August 8, 2016, counsel for Lavelle signed and filed with the Court a Counterclaim against Danco seeking a declaration of "invalidity of any and all claims of the Patent-in-Suit." *See* Docket Entry # 16.[1] Two months later, on October 11, 2016 – the date agreed-to by the parties and subsequently ordered by the Court – Lavelle served its 39-page P.R. 3-3 Invalidity Contentions setting forth Lavelle's required bases for its allegations that the '455 patent claims are invalid and identifying six prior art references: "Coronado I," "Coronado II," "Turner," "Schwartz," "Atkins," and "Hodges." *See* Ex. A at ¶¶ 7-8. Lavelle also confirmed that the P.R. 3-2 documents relied upon by Lavelle in support of its invalidity contentions, including each of the aforementioned prior art references, were produced by Lavelle on September 12, 2016. *Id.*

[1] "As Rule 11 provides that an attorney's signature on any paper filed with this court is a certification as to the merits of those documents, there is an obligation on all attorneys to 'conduct a reasonable investigation of the factual and legal basis for his claim before filing.' *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)." *Aggarwal v. Sikka*, Civil Action No. 1:12cv60 (TSE/TRJ), 2013 U.S. Dist. LEXIS 160422, at *24 (E.D. Va. Nov. 7, 2013).

Two weeks later, on October 28, 2016, Lavelle filed its Petition for *Inter Partes* Review ("IPR") with the Patent Trial and Appeal Board, contending that the independent claims of the '455 patent should be canceled in view of six prior art references: "Coronado I," "Coronado II," "Turner," "Schwartz," "Nguyen," and "Hodges." *See* Docket Entry # 57-1. Lavelle elected not to seek amendment of its P.R. 3-3 invalidity contentions at that time in order to satisfy some alleged need to "align [it's] invalidity position in this Court with the relief sought before the United States Patent and Trademark Office." *See* Docket Entry # 88 at p. 2.

Notably, there is ***no*** new prior art identified in Lavelle's proposed new amended invalidity contentions that was not already known to Lavelle at the time it served its P.R. 3-3 invalidity contentions and filed its IPR petition in October 2016. *See* Docket Entry # 88-1 (comparing Lavelle's original invalidity contentions to its enlarged proposed amended contentions) at p. 12; Ex. A at ¶¶ 4, 7-9; Docket Entry # 27-3; Docket Entry # 57-1.

### C. Lavelle's Efforts to Obviate the Court's Deadlines and Delay the Progress of this Case

Knowing that it had elected not to challenge before the PTAB the validity of the 11 dependent claims of the '455 patent asserted by Danco in this case, and aware that it is the standard practice of this Court to deny motions to stay in cases where IPR petitions have not even been formally instituted by the PTAB, Lavelle nevertheless asked the Court to stay this case pending the PTAB's consideration of the petition for IPR on the other four asserted claims of the '455 patent. *See* Docket Entry # 57. The Court denied that motion. *See* Docket Entry # 89.

On January 10, 2017, the parties began the claim construction process by exchanging their respective P.R. 4-1 "Proposed Terms and Claim Elements for Construction," as required by the Court's Docket Control Order. *See* Docket Entry # 32 at p. 6; Ex. A at ¶ 10. After this exchange, late on the afternoon of Friday, January 13, 2017 – more than three months after the

deadline for its P.R. 3-1 disclosures – Lavelle first revealed to Danco its now-51-page proposed "amended invalidity contentions." *See* Ex. A at ¶ 11; Docket Entry # 88-1 at Ex. B. Lavelle's proposed amended invalidity contentions add 12 pages of additional contentions to its October 2016 P.R. 3-1 Invalidity Contentions. Ex. A at ¶ 11.

On January 18, 1017, Lavelle first provided to Danco the requested identification of proposed changes from its P.R. 3-1 disclosure of invalidity contentions but still did not provide Danco with any alleged good-faith grounds or good cause for its proposed amendments. *See* Ex. A at ¶ 12. On January 20, 2016, Lavelle finally provided to Danco for the first time a proposed motion for leave to amend Lavelle's invalidity contentions, setting forth the alleged grounds for seeking to amend its contentions. *See* Ex. A at ¶ 13. The parties met and conferred on January 23, 2017 to discuss the grounds for Lavelle's proposed new invalidity contentions, its intended motion to amend, and whether Danco would oppose such a motion.[2] *See* Ex. A at ¶¶ 14-15. At the conference of counsel, counsel for Lavelle refused to identify what new "things" Lavelle had learned during from the preliminary injunction proceedings that justified an amendment of its invalidity contentions more than two months after that process was complete or articulate any good cause for the untimely amendment. Consequently, Danco expressed its intent to oppose a motion seeking such relief.

On the eve of the Court's deadline for the next step of the claim construction process – the parties' required P.R. 4-2 "Exchange Preliminary Claim Constructions and Extrinsic Evidence" – and without seeking to meet and confer with Danco, Lavelle served what it purported to be "a revision to our list of claim terms, phrases or clauses proposed for

---

[2] Lead and local counsel for Danco were present at the conference. Lead counsel for Lavelle was also present at the conference. Despite Danco's request that local counsel for Lavelle also participate in the meet-and-confer, lead counsel for Lavelle refused to have Lavelle's local counsel at the conference. *See* Ex. A at ¶ 15.

construction." *See* Ex. A at ¶ 16. Danco objected to the attempted eleventh-hour revision of Lavelle's claim construction position. *See id.* at ¶ 17. The parties proceeded to exchange their respective disclosures of "Preliminary Claim Constructions and Extrinsic Evidence" on January 31, 2016, in accordance with the Docket Control Order. *See id.* at ¶ 18. Step three of the claim construction process – "Filing of Joint Claim Construction and Prehearing Statement" – will occur in 11 days on February 21, 2017. *See* Docket Entry # 32 at p. 6.

## II. <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

### A. The Court's Governing Rules

"The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'" *Finisar Corp. v. Directv Group, Inc.*, 424 F. Supp. 2d 896, 901 (E.D. Tex. 2006) (internal citation omitted).

Local Rule P.R. 3-3 requires the parties to serve "invalidity contentions," which must state "[w]hether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art makes a claim obvious, each such combination, and the motivation to combine such items, must be identified." P.R. 3-3(b). This disclosure must also include "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims." P.R. 3-3(d). A party's invalidity contentions are "deemed to be that party's final contentions." P.R. 3-6(a); *L.C. Eldridge Sales Co. v. Azen Mfg. Pte*, 2013 U.S. Dist. LEXIS 186309, *5-6 (E.D. Tex. Oct. 11, 2013), citing *Motorola, Inc. v. Analog Devices, Inc.*, No. 1:03-CV-131, 2004 U.S. Dist. LEXIS 31297, 2004 WL 5633735, at *1 (E.D. Tex. Apr. 8, 2004).

After the deadline for serving invalidity contentions has passed, a party may amend its

contentions only if (1) the plaintiff amended its infringement contentions or (2) the defendant believes in good faith that the Court's claim construction order so requires. P.R. 3-6(a)(2). Any other amendment "may be made only by order of the Court, which shall be entered ***only upon a showing of good cause***." P.R. 3-6(b) (emphasis added).[3] The Court's Agreed Docket Control order contains this same restriction, to wit: "Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b)." *See* Docket Entry #32 at p. 6.

When evaluating a motion for leave to amend in this context, the Court considers the following factors: "(1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice." *L.C. Eldridge*, 2013 U.S. Dist. LEXIS 186309, *5-6, citing *Arbitron, Inc. v. Int'l Demographics Inc.*, No. 2:06-CV-434, 2009 U.S. Dist. LEXIS 3191, 2009 WL 166555, at *1 (E.D. Tex. Jan. 16, 2009); *see also S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003).

### B. Lavelle Has Not Shown Good Cause for Attempting to Amend Its Invalidity Contentions at this Juncture.

Of course, the Court has not issued its claim construction order, which would afford

[3] In its Motion, Lavelle asserts that "[f]ollowing *Markman* there is often an extended "free period" for amending … invalidity contentions" and that [u]nder the Docket Control Over [sic] in this very case, there WILL be a free amendment period this summer." Docket Entry # 88 at p. 4 (emphasis original). Lavelle is misreading the Court's rules. The post-claim-construction amendment period is not a "free period" – it is subject to the explicit requirements that amendment of invalidity contentions must either be a result of (1) Danco's amendment of its infringement contentions or (2) a good faith belief that the Court's impending claim construction ruling warrants amendment. *See* P.R. 3-6(a)(2). "This exception is intended to allow a party to respond to an unexpected claim construction by the court. This does not mean that after every claim construction order, new invalidity contentions may be filed. That would destroy the effectiveness of the local rules in balancing the discovery rights and responsibilities of the parties discussed above." *Finisa Corp*, 424 F. Supp. 2d at 901. Otherwise, Lavelle's October 11, 2016 contentions are deemed to be final. *L.C. Eldridge*, 2013 U.S. Dist. LEXIS 186309, *5-6.

Lavelle the opportunity to amend its invalidity contentions only if (1) Danco amended its invalidity contentions or (2) Lavelle believed in good faith the Court's order on claim construction requires such amendment. *See* P.R. 3-6(a)(2). Danco has neither amended nor sought leave to amend its August 2016 Disclosure of Infringement Contentions. Consequently, Lavelle can only amend its contentions at this stage by order of the Court upon a showing of good cause. Lavelle's motion fails to identify or set forth any such good cause and should, therefore, be denied. *See Cummins-Allison Corp. v. SBM Co.*, Civil Action No. 9:07-CV-196, 2009 U.S. Dist. LEXIS 22114, at *3 (E.D. Tex. Mar. 19, 2009) (Clark, J.) ("The court finds that Defendants lack "good cause" and denies their motion to amend their invalidity contentions."); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 542 (E.D. Tex. 2015) (Clark, J.) ("Not only have Defendants failed to show good cause for leave to amend, the court is firmly convinced the relevant factors weigh heavily in favor of denying the motion. Defendants' Motion for Leave to Amend Invalidity Contentions (Doc. # 100) is DENIED"); *L.C. Eldridge*, 2013 U.S. Dist. LEXIS 186309, at *25 (E.D. Tex. Oct. 11, 2013) (Schneider, J.) (denying defendants' motion for leave to amend invalidity contentions); *Invensys Sys. v. Emerson Elec. Co.*, No. 6:12-CV-799, 2014 U.S. Dist. LEXIS 191717, at *17 (E.D. Tex. Dec. 3, 2014) (Davis, J.) (denying defendants' motion for leave to supplement invalidity contentions); *Innovative Display Techs. LLC v. Acer Inc.*, Civil Action No. 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 83196, at *7 (E.D. Tex. June 19, 2014) (Gilstrap, J.) (denying defendants' motion for leave to amend invalidity contentions).

1. <u>Lavelle offers no explanation for failure to meet the October 11, 2016 deadline for disclosing all of its required invalidity contentions.</u>

Lavelle's attempt to materially modify its invalidity contentions comes more than three months after it was required by Court order to fully disclose its P.R. 3-3 contentions. Lavelle's

first excuse for its out-of-time attempt to amend is that it "learned things" in the preliminary injunction stage of the case "about Danco's interpretation of the scope of the patent-in-suit" that allegedly warrants amendment of its invalidity contentions. Docket Entry # 88 at p. 2. However, conspicuously absent from Lavelle's motion is any identification of what exactly are the "things" Lavelle learned after completion of injunction-related briefing in October 2016 and hearing of argument on the injunction in the first week of November 2016 that justifies changing its invalidity position in mid-January 2017.

Among the Complaint filed in April 2016, Danco's P.R. 2-1 infringement contentions disclosed in August 2016, Danco's technical expert deposition testimony in October 2016, and Danco's argument at the November 4, 2016 hearing, Lavelle has not identified any inconsistency in Danco's infringement allegations or "interpretation of the scope" of the '455 patent. Likewise, Lavelle has not identified what alleged "aware[ness]" it gained of the "scope Danco seeks to apply to its patent" only through the preliminary injunction dispute. In fact, to the contrary, Danco's infringement analysis and contentions have remained constant since the inception of this case. Lavelle cannot rely upon illusory attorney arguments, unsupported by any facts of record, in order to explain away its three-month delay in attempting to amend its required invalidity contentions.

Lavelle's second excuse is that it wants to "align [its] invalidity position in this Court with the relief sought before the United States Patent and Trademark Office." *See* Docket Entry # 88 at p. 2. Lavelle has not undertaken any effort in its motion to demonstrate how its timely-disclosed original invalidity position in this Court is misaligned with Lavelle's IPR petition. Thus, there is no "good cause" presented for amendment of its P.R. 3-1 contentions on this basis. To the extent there is any such misalignment, it is because of Lavelle's lack of diligence in

coordinating its disclosure of invalidity contentions with its IPR petition, which documents were served within two weeks of each other in October 2016. *See* Ex. A at ¶ 4; Docket Entry # 57-1.

It is undisputed that there is ***no*** new prior art identified in Lavelle's proposed amended invalidity contentions that was not already known to Lavelle at the time of the service of its P.R. 3-3 invalidity contentions and filing of the IPR petition in October 2016. *See* Docket Entry # 88-1 (comparing Lavelle's original invalidity contentions to its enlarged proposed amended contentions) at p. 12; Docket Entry # 27-1 (Declaration and report of Lavelle's "expert" on invalidity issues); Ex. A at ¶ 9. Both of these documents were concurrently developed by Lavelle. Moreover, not only was Lavelle in possession of all of the prior art identified and relied upon in both its October 2016 P.R. 3-1 contentions and IPR petition, but it also possessed the information – including the Schwartz and Nguyen references – from which it has formed its newly-enlarged proposed amended invalidity contentions more than a month before that time. *See id*. at ¶ 4.

Specifically, in his ***September 9, 2016*** sworn declaration and supporting report, Lavelle's proffered invalidity "expert" Mr. Thomas addressed every single one of the prior art references relied upon by Lavelle in its dueling P.R. 3-1 and IPR invalidity arguments, including each of the "Coronado I" (*see* Docket Entry # 27-3 at pp. 26, 29-37, 54-58), "Coronado II" (*see id*.), "Turner" (*see id*. at pp. 26-27, 37-45), "Schwartz" (*see id*. at pp. 27, 45-49), "Atkins" (*see id*. at pp. 28, 49-53) and "Hodges" (*see id*. at pp. 29, 49-54). On September 12, 2016, Lavelle produced each of these references as part of its injunction-related document production supporting Mr. Thomas' opinions as to the invalidity issue. *See* Ex. A at ¶ 4. Thus, it is "undisputed that Defendants had possession of the information at all relevant times" that forms the basis of its proposed amended contentions and could have elected to include this very

information in its P.R. 3-1 disclosure in October 2016. *Invensys*, 2014 U.S. Dist. LEXIS 191717, *9. But, for whatever tactical reason Lavelle chose not do to so at that time, and instead endeavored to delay three more months before revealing it in late "amended" contentions.

Any inconsistencies between Lavelle's P.R. 3-1 contentions and its IPR petition – such as the decision to only challenge the validity of four claims in the IPR petition instead of the 15 claims for which validity is challenged in this case – are purely the result of choices by Lavelle and its counsel. Complicating this excuse, Lavelle filed its IPR petition on October 28, 2016, and filed its final, last-word surreply brief on the preliminary injunction motion on October 31, 2016. Lavelle makes no effort in its motion to explain why it intentionally delayed for an additional two and a half months in seeking amendment of its October 11, 2016 P.R. 3-1 disclosures that it claims were necessitated by yet unknown revelations during the preliminary injunction process. As such, Lavelle has presented no "good cause" justification for its failure to meet the October 11, 2016 deadline for disclosing ***all*** of its invalidity contentions.

2. Lavelle's motion does not establish that without the untimely amendment of its contentions Lavelle cannot prosecute its invalidity counterclaim and defenses.

Lavelle timely served invalidity contentions on October 11, 2016 that totaled 39 pages of invalidity arguments and analysis of prior art references, wherein Lavelle presented numerous alleged invalidity scenarios and detailed the grounds for each. *See* Ex. A at ¶ 8. Lavelle now claims that without "the amended contentions, Lavelle may be forced to forego the most powerful and critical arguments against Danco's assertion of its '455 patent against Lavelle." Docket Entry # 88 at p. 5. However, as with the rest of its motion, Lavelle offers absolutely zero explanation as to how its newfound amended contentions are the "most powerful and critical arguments" or why it would not have included the "most powerful and critical arguments" in its

original, timely contentions. *See Innovative Display Techs.*, 2014 U.S. Dist. LEXIS 83196, at *6 (Gilstrap, J.) ("Nowhere in their motion did Defendants explain even the subject matter of the four new arts, much less how these arts, if supplemented to the original Infringement Contentions, would render a particular patent invalid. In short, Defendants have wholly failed to persuade the Court of the importance of the amendment."). Because there is no record evidence or explanation that the amended invalidity contentions are critical to Lavelle's case above and beyond its October 2016 P.R. 3-1 disclosure, this factor weighs against allowing the belated amendment. *See Finisar Corp.*, 424 F. Supp. 2d at 902 ("[Lavelle] has not established that disallowing these new references is tantamount to a default judgement or that they are vital to its defense."); *Tyco Healthcare Grp. LP v. Applied Med. Res. Corp.*, Civil Action No. 9:06-CV-151, 2009 U.S. Dist. LEXIS 125379, at *13 (E.D. Tex. Mar. 30, 2009) ("Had they been important, [defendant] would have disclosed them in its Invalidity Contentions at the outset."). Again, none of the prior art addressed in Lavelle's proposed amended contentions was unknown to Lavelle in September and October 2016. *See* Ex. A at ¶ 9.

3. Allowing Lavelle to substantially enlarge the scope of its invalidity contentions would prejudice Danco's ability to timely meet the Court's claim construction deadlines and defend against Lavelle's invalidity counterclaim and shifting invalidity positions.

By Lavelle's own admission, the preliminary injunction process for which briefing concluded on October 31, 2016 and for which argument was heard by the Court on November 4, 2016 allegedly necessitated Lavelle's amendment of its P.R. 3-1 invalidity contentions. However, Lavelle offers absolutely no explanation as to why it sat on its alleged need to amend for two and a half months. At a minimum, Lavelle makes no attempt to explain how any grand enlightenment it received through that process vindicates its delay in seeking amendment until after the claim construction process had begun on January 10, 2017, by operation of the Court's

Docket Control Order. Instead, Lavelle willingly let the case proceed forward for an additional two months and until after the P.R. 4-1 disclosures of respective proposed terms and phrases for claim construction. Then, with Danco's position on the construction of terms and phrases in the asserted claims in hand, Lavelle then undertook to amend its invalidity contentions. *See Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 541 (E.D. Tex. 2015) (a "complete lack of diligence in this matter weigh very heavily against a finding of good cause for leave to amend.").

On the other hand, Danco should not be punished for its diligence and full compliance with the Court's Patent Rules and Docket Control Order by allowing Lavelle to now proceed through the remainder of the claim construction and discovery process with a newly-expanded, 51-page formulation of invalidity contentions. "The Local Patent Rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'" *Finisar*, 424 F. Supp. 2d at 901 (internal citation omitted). The potential prejudice to Danco in allowing Lavelle to advance new theories of invalidity at this stage of the case would be incurable. The Court has already ruled that "Danco has an interest in timely enforcing its patent." Docket Entry # 89 at p. 2. In addition, an out-of-time amendment by Lavelle of its invalidity contentions would have the inescapable result of not allowing the parties to fully and properly exchange claim construction disclosures and brief the issues of claim construction in time to meet the Court's "Joint Claim Construction and Prehearing Statement" and "*Markman* Hearing" deadlines. *See* Docket Entry # 32 at pp. 4-5. "Invalidity is an affirmative defense, and the party which does not properly investigate applicable prior art early enough to timely meet disclosure requirements risks exclusion of that evidence." *Finisar*, 424 F. Supp. 2d at 901-02. An elementary a review of Lavelle's proposed amendments reveals that

each and every amended contention could have easily been asserted in Lavelle's original invalidity contentions. This factor also weighs against Lavelle's motion for leave to amend.

4. There is no availability of a continuance of the dependent and cascading Docket Control Order deadlines that would cure the prejudice to the claim construction and discovery processes.

Finally, allowing Lavelle to tender new invalidity contentions at this stage of the proceedings – where P.R. 2-1, 3-1, 3-3, 4-1 and 4-2 disclosures have already been made as prescribed by the Court in its Docket Control Order – would require that this case be reset back to the P.R. 4-1 stage, for which the compliance deadline passed a full month ago. Not only would such a detonation of the case schedule affect past disclosures, it would correspondingly require resetting the subsequent P.R. 4-3, 4-4, and 4-5(a)-(d) deadlines in advance of the May 17, 2017 claim construction hearing, as well as obviate the equitable purpose of the simultaneous exchanges of specific disclosures that have already occurred. Docket Entry #32 at pp. 4-6; P.R. 4-1, 4-2. As a result of Lavelle's conscious delay for several months in seeking amendment, there is no availability of a continuance of the Court's Docket Control Order deadlines, and there is no way to put prior, simultaneously-exchanged disclosures back in the bottle.

Rather, Lavelle's practice over the past two and a half months (since briefing and related discovery on the preliminary injunction issues were completed at the end of last October) of hiding the ball on its intended invalidity contentions is not countenanced by this Court. In fact, Judge Clark previously noted the potential for such abuses, where "[t]he motive to delay disclosure is often even greater in patent cases than in other litigation, because of the bifurcated nature of a patent suit" and "the accused infringer wants to pin the patent holder to a claim construction it knows will be invalidated by prior art it has not disclosed." *Finisa Corp*, 424 F. Supp. 2d at 898. Having already seen Danco's hand on proposed claim constructions and

extrinsic evidence, Lavelle now seeks to introduce into the case newly-articulated invalidity theories related to anticipation, indefiniteness and written description, issues heretofore never raised as they are now cast by Lavelle. To respond to Lavelle's new invalidity theories, extensive additional research, analysis, and expense would be required. Such prejudice to Danco cannot be cured by a continuance, even were one feasible under the Docket Control Order.

Because Lavelle's untimely disclosure of proposed Amended Invalidity Contentions would prejudice Danco's ability to structure its infringement case and force Danco to incur substantial expenses evaluating previously undisclosed prior art and invalidity theories, this factor also weighs against allowing amendment.

## III. CONCLUSION

Every applicable factor to be evaluated by the Court weighs against allowing Lavelle to amend its P.R. 3-1 invalidity contentions almost four months after they were required to be disclosed to Danco. Lavelle offers no explanation as to why it could not have asserted each alleged new ground of invalidity in a timely manner. Moreover, Lavelle offers no explanation as to why it did not place Danco and the Court on notice by the first week in November 2016 that it intended to amend its contentions, insofar as Lavelle contends that it first realized during the preliminary injunction briefing and discovery stage that such amendments were necessary. Likewise, Lavelle offers no explanation as to why its new arguments are "critical," nor does Lavelle explain why it would have left "critical" arguments based on prior art indisputably in its possession as early as September 9, 2016 out of its October 11, 2016 P.R. 3-1 contentions. Finally, both the Court (from a scheduling standpoint) and Danco would be prejudiced if Lavelle's proposed "Amended Invalidity Contentions" are allowed at this stage of the case, in contravention of P.R. 3-6(a). Accordingly, the Court must deny Lavelle's motion.

Respectfully submitted, this 9th day of February, 2017.

Respectfully,

*/s/ Eric G. Maurer*_____

Geoff Culbertson
Texas Bar No. 24045732
PATTON TIDWELL & CULBERTSON LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
*gpc@texarkanalaw.com*

Eric G. Maurer
Georgia Bar No. 478199
Cynthia J. Lee (*pro hac vice*)
Georgia Bar No. 442999
Scott P. Amy
Georgia Bar No. 141416
THOMAS HORSTEMEYER LLP
400 Interstate North Parkway SE, Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

*eric.maurer@thomashorstemeyer.com*
*cynthia.lee@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| DANCO, INC., | |
| Plaintiff, | |
| v. | Civil Action No.: 5:16-CV-00048 |
| | ORAL ARGUMENT REQUESTED |
| LAVELLE INDUSTRIES, INC., | |
| Defendant. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2017, I caused a true and correct copy of the foregoing DANCO, INC.'S RESPONSE IN OPPOSITION TO LAVELLE INDUSTRIES, INC.'S MOTION TO AMEND INVALIDITY CONTENTIONS to be served this day in electronic form on all counsel of record via filing same with the Court via CM/ECF.

Respectfully submitted,

_/s/ *Eric. G. Maurer*______

Geoff Culbertson
Texas Bar No. 24045732
PATTON TIDWELL & CULBERTSON LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
*gpc@texarkanalaw.com*

Eric G. Maurer
Georgia Bar No. 478199
Cynthia J. Lee (*pro hac vice*)
Georgia Bar No. 442999
Scott P. Amy
Georgia Bar No. 141416
THOMAS HORSTEMEYER LLP
400 Interstate North Parkway SE, Suite 1500

Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*eric.maurer@thomashorstemeyer.com*
*cynthia.lee@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*