IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DANCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> LAVELLE INDUSTRIES, INC., <br><br> Defendant. | Civil Action No.: 5:16-CV-00048-CMC |

**PLAINTIFF DANCO INC.'S REPLY IN SUPPORT OF ITS
EMERGENCY MOTION TO COMPEL DEPOSITIONS OF DEFENDANT'S CLAIM
CONSTRUCTION EXPERT WITNESSES**

Yesterday, October 20, 2017, the Court denied Defendant Lavelle Industries, Inc.'s ("Lavelle") Motion to Amend Invalidity Contentions attempting to introduce new theories of invalidity, including indefiniteness and lack of enablement of the '455 Patent-in-suit. *See* Docket Entry # 103. In denying Lavelle's motion, the Court noted Lavelle's admission that "Lavelle's proposed amendment ***add[ed] arguments about invalidity and lack of enablement***" that were not included in its initial contentions were filed. *Id*. at p. 2. These amendments, including Lavelle's desired arguments about lack of enablement, were unambiguously rejected by the Court.[1] In denying Lavelle's attempted amendments, the Court similarly rejected Lavelle's attempt to "pursu[e] an ***interpretation of several key terms of the '455 patent 'that render the patent invalid for indefiniteness and lack of enablement***.'" *Id*. at p. 8 (emphasis added). The invalidity issues of indefiniteness and enablement issues are not in the case as a result of the Court's order denying them. *See, generally, id*.; *see also Paice LLC v. Hyundai Motor Co.*, No. WDQ-12-0499, 2014 U.S. Dist. LEXIS 101303, at *11-12 (D. Md. July 24,

---

[1] "Accordingly, it is ORDERED that Lavelle Industries, Inc.'s Opposed Motion to Amend Invalidity Contentions (Docket Entry # 88) is DENIED." *Id*. at pp. 9-10.

0

2014) (after exclusion of untimely indefiniteness arguments, court refused to address and consider indefiniteness arguments in claim construction); *Auxilium Pharms., Inc. v. Watson Labs., Inc.*, Civil Action No. 12-3084 (JLL), 2014 U.S. Dist. LEXIS 79962, at *12-13 (D.N.J. June 11, 2014) (defendant precluded from raising indefiniteness issues in claim construction that were denied by court on defendant's motion to amend invalidity contentions).

In the parties' Joint Claim Construction Statement, the only matters for which Lavelle disclosed reliance on the extrinsic evidence of testimony from its experts Messrs. Thomas and Holzberger consisted exclusively of the following:

1. "to *rebut* the testimony of Mr. Chad Jones as may be offered by Danco either in support of Danco's proposed construction or to oppose Lavelle's proposed construction";

2. the '455 patent and its file history contains no instruction as to the purpose or function of the claimed element (indefiniteness/enablement);

3. the claims fail to inform one of ordinary skill in the art as to the scope of the claims with reasonable certainty (indefiniteness);

4. it is impossible to determine the function of claim elements for certain based on the contents of the '455 patent (indefiniteness).

5. how one of ordinary skill in the art could make the claimed element (enablement);

6. invalidity of the claims for indefiniteness (indefiniteness).

*See* Exhibit X, hereto.  Thus, Lavelle has only properly disclosed in its Local Patent Rule claim construction evidence disclosures its intent to rely on its experts' testimony for solely (a) rebuttal to Danco's expert Mr. Jones or (b) on precluded indefiniteness and/or enablement issues.

In view of the Court's Order of yesterday, the parties conferred via telephone at 10:30 a.m. CDT this morning to discuss the instant Motion as well as the implications on expert claim construction discovery in view of the Court's exclusion of Lavelle's untimely indefiniteness and invalidity contentions.  During this discussion, and given the explicit limitations on Lavelle's

1

Case 5:16-cv-00048-CMC   Document 107   Filed 03/21/17   Page 3 of 9 PageID #: 3206

experts' testimony by virtue of Lavelle's own disclosure and now the Court's order of just yesterday, Danco proposed in good faith to Lavelle that if Danco agreed not to rely on expert testimony of Mr. Jones, as obviated by the Court's Order, then Lavelle's experts would not be needed for rebuttal and the instant Motion could be resolved by agreement. In essence, neither party would offer expert testimony on claim construction issues, and the expert depositions would be unnecessary. At the time of the parties' discussion, Lavelle did not agree to this proposal.

Instead, Lavelle's counsel made it clear that in spite of the Court's denial Order that Lavelle intended to nevertheless pursue its excluded indefiniteness and enablement arguments in the claim construction process by attempting to rely on testimony from its two experts on these issues. Lavelle insisted that it would attempt to present expert testimony to the Court on all of the subject matter identified in its portion of the Joint Statement, including the indefiniteness and enablement issues.

At 1:22 p.m. CDT, two hours before the deadline for Danco's reply, counsel for Lavelle communicated that Lavelle had considered Danco's proposal and accepted it:

> Eric,
>
> We have now had an opportunity to consider the proposal you raised this morning—that both Danco and Lavelle agree not to offer expert testimony on any issue regarding claim construction.
>
> Lavelle is willing to agree to your proposal. …

*See* Exhibit Y.

With Lavelle's acceptance of Danco's proposal for resolution of the instant Motion, Danco believes the parties to be in agreement on the issue of expert claim construction discovery

2

and depositions and that, as a result, the Motion is now moot.[2] To the extent that Lavelle attempts to argue that the parties have not reached an agreed resolution, despite communication of such agreement by Lavelle's counsel this afternoon, Danco respectfully requests that the Court grant the Motion, as follows.

For this first time this morning, and only after forcing Danco to file the instant Motion and the Court to issue an expedited briefing schedule for same, Lavelle finally revealed a date on which its expert Mr. Holzberger is available for full day of deposition – March 24, 2017 less than three days from now).  Lavelle now contends this is his only availability for the next several weeks, other than the previously-offered half days on March 29 and 30.  In view of Lavelle's representation for the first time, today, of Mr. Holzberger's availability only on March 24, Danco respectfully requests that the Court grant the Motion as to Mr. Holzberger and compel Lavelle to make Mr. Holzberger available for deposition for a full day on March 24, 2017.

Also for the first time this morning, Lavelle answered the question of whether its expert Mr. Thomas is available for deposition on any days in the next two weeks other than March 29 or March 30.  Lavelle contends this is his only availability for the next several weeks, other than the previously-offered half days on March 29 and 30.  In view of Lavelle's representation for the first time, today, of Mr. Thomas' availability only on March 29 and March 30, Danco respectfully requests that the Court also grant the Motion as to Mr. Thomas and compel Lavelle to make Mr. Thomas available for deposition for a full day on March 30, 2017.

---

[2] As of the filing of this Reply, the parties have exchanged drafts of a stipulation memorializing their agreement and a proposed order on the Motion in view of the stipulation.  The parties have agreed on all terms of the stipulation but for Lavelle's objection to a reference to the parties' having discussed the implication of the Court's order of yesterday.  The parties did, in fact, discuss the implications of the Order, which serve as the very basis for Danco's proposal to which Lavelle has otherwise agreed.  *See* Exhibit Z.

Finally, in view of Lavelle's not making Mr. Thomas available for deposition until the last two business days of March and the impending April 4 Docket Order deadline for Danco to file its claim construction brief, Danco respectfully requests that the Court extend the date on which Danco must file its Opening Claim Construction Brief from April 4 to April 7 to accommodate the late depositions.  Rather than disrupt the Court's briefing and hearing schedule or shorten the Court's time to review the parties papers in advance of the *Markman* hearing due to Lavelle's conduct, Danco requests that Lavelle's deadline to respond remain April 18 as set forth in the Docket Control Order.  *See* Docket Entry # 32 at p. 4.

Respectfully submitted, this 21st day of March, 2017.

          Respectfully,

          */s/ Eric G. Maurer*

          Geoff Culbertson
          Texas Bar No. 24045732
          PATTON TIDWELL & CULBERTSON LLP
          2800 Texas Boulevard
          Texarkana, Texas 75503
          Telephone: (903) 792-7080
          Facsimile: (903) 792-8233
          *gpc@texarkanalaw.com*

          Eric G. Maurer
          Georgia Bar No. 478199
          Cynthia J. Lee (*pro hac vice*)
          Georgia Bar No. 442999
          Scott P. Amy
          Georgia Bar No. 141416
          THOMAS HORSTEMEYER LLP
          400 Interstate North Parkway SE, Suite 1500
          Atlanta, Georgia 30339
          Telephone: (770) 933-9500
          Facsimile: (770) 951-0933

          *eric.maurer@thomashorstemeyer.com*
          *cynthia.lee@thomashorstemeyer.com*

*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2017, I caused a true and correct copy of the foregoing PLAINTIFF DANCO INC.'S REPLY IN SUPPORT OF ITS EMERGENCY MOTION TO COMPEL DEPOSITIONS OF DEFENDANT'S CLAIM CONSTRUCTION EXPERT WITNESSES to be served this day in electronic form on all counsel of record via filing same with the Court via CM/ECF.

Respectfully submitted,

*/s/ Eric. G. Maurer*

*Counsel for Plaintiff Danco, Inc.*

**CERTIFICATE OF CONFERENCE**

In accordance with Local Rule CV-7(i), counsel for Plaintiff Danco, Inc. ("Danco") certifies, as follows:

(1) Counsel for Danco has complied with the meet and confer requirement in Local Rule CV-(h) by conducting personal conferences between counsel for Danco and counsel for Defendant Lavelle, Inc. ("Lavelle") designated by Lavelle as the Lavelle representative responsible for the issues that are the subject of the instant Motion. *See, e.g.*, Ex. W at ¶¶ 3-7 (personal conference between counsel). Despite these conferences, and in spite of attempts by counsel for Danco to further confer with counsel for Lavelle to obtain answers from Lavelle as to its expert witnesses' availability for deposition in a timely manner, Lavelle refuses to provide Danco with the necessary information as to witness availability in order to schedule the subpoenaed depositions, as requested. Consequently, the parties have reached an impasse, leaving the issue for the Court to resolve on an emergency basis.

(2) Danco has requested Lavelle's position on whether it opposes the relief sought in the instant Motion, but Lavelle refuses to provide a response. *See* Ex. S. Accordingly, in the absence of Lavelle's response and in view of Lavelle's conduct to date in failing to make its witnesses available in a timely manner, the Danco presumes the Motion to be opposed.

(2) In addition, by its refusal to provide Danco with the requested information for scheduling Lavelle's expert depositions or make itself available for further conferences in a timely manner, Lavelle has engaged in an unreasonable refusal and failure to meet and confer in violation of Local Rule AT-3. *See* Ex. R; Ex. S; Ex. T; Ex. U; Ex. V at ¶¶ 24; Ex. W.

This 20th day of March, 2017.

7

Respectfully submitted,

*/s/ Geoffrey P. Culbertson*

*/s/ Eric G. Maurer*

*Counsel for Plaintiff Danco, Inc.*