**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

DANCO, INC.,

      Plaintiff,

v.

LAVELLE INDUSTRIES, INC.,

      Defendant.

Civil Action No.: 5:16-CV-00048-CMC

**PLAINTIFF DANCO, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS/STRIKE DEFENDANT'S INEQUITABLE COUNTERCLAIM/AFFIRMATIVE**
<u>**DEFENSE FOR FAILURE TO STATE A CLAIM**</u>

Lavelle elected to delay filing its existing Amended Answer, Affirmative Defenses and Amended Counterclaims, which assert a brand new inequitable conduct theory of unenforceability of the patent-in-suit, almost seven months after its original answer and at 5:34 p.m. on the final day that Lavelle was allowed to amend its counterclaims without leave of Court. Lavelle's new inequitable conduct theory is undeniably based exclusively on the contents of the file history of the asserted '455 patent, which history has been publically available since the very outset of this litigation and which history was nevertheless produced, again, in its entirety to Lavelle by Danco in August 2016 as part of Danco's initial P.R. 3-2 disclosures.

The parties agree that prevailing law unquestionably holds that allegations of inequitable conduct are subject to heightened pleading standards and specificity requirements. Nevertheless, Lavelle, now recognizing that its first attempt at amending its counterclaims in order to inject the issue of alleged inequitable conduct into this case on the last permissible day fell short of these standards and requirements, seeks -- under the guise of its Response brief – to obtain an out-of-time third bite at counterclaim apple in contravention of both the specific deadlines set forth in the Court's Docket Control order and the provisions of the Court's Local Patent Rules.

In its Response, Lavelle effectively concedes that its newly asserted "Third Counterclaim" alleging inequitable conduct on the part of Danco's patent prosecution attorney is defective in view of the heightened pleading standards specifically governing such allegations. Having attempted, unsuccessfully, to manufacture a satisfactorily specific factual basis for its allegations from the year-old record of this case, Lavelle now launches an untimely campaign to salvage these defective allegations with a proposed "second amended" answer, affirmative defenses and counterclaims by merely appending another amended "proposed" pleading to its Response brief. However, the deadline for "Amended Pleadings (pre-claim construction) due from all parties, including inequitable conduct allegations" expired on *February 28, 2017*. (Docket Entry # 32 at p. 5). Consequently, any remedial

endeavor by Lavelle to rescue its deficient inequitable conduct pleadings through yet another amendment of its affirmative defenses and counterclaims may be made at this juncture "***only with*** the opposing party's consent or ***the [C]ourt's leave***." Fed. R. Civ. P. 15(a) (emphasis added). Lavelle has not filed any such motion for leave to further amend its challenged inequitable conduct claims.

Moreover, in its Response, Lavelle does not even go so far as to suggest that it has any good cause to now ask for entry of the proposed "Second Amended Answer, Affirmative Defenses and Counterclaims" attached to its brief more than eight months after its original answer and almost two months after the Court's unambiguous deadline for amended pleadings. It is undisputed that Lavelle admittedly had all of the alleged "facts" it attempted to marshal in taking its third shot at asserting counterclaims at the very outset of this litigation; therefore, under any circumstance it ***cannot*** demonstrate good cause for its untimely attempt to propose "second amended" counterclaims and affirmative defenses at this late date.

Respectfully turning the Court's attention away from the diversion of Lavelle's out-of-time attempt to further remediate/amend its counterclaims and back to the issue presently before the Court, Lavelle's effort to bring the issue of alleged inequitable conduct into this case by amendment is nonetheless futile. Lavelle, still, has failed to show that its February 28, 2017 inequitable conduct counterclaim satisfies the applicable heightened specificity requirements and properly states such a claim, because: (1) Lavelle has identified ***no specific*** alleged misrepresentation allegedly made by Danco's patent prosecution counsel beyond Lavelle's pure speculations and attempts at mind-reading solely in the form of attorney argument; (2) Lavelle has not identified how any such alleged misrepresentation is material to the U.S. Patent and Trademark Office's ("PTO") consideration and allowance of the claims of the patent-in-suit; and (3) Lavelle has failed to come forward with any sufficient exemplar of ***specific*** intent by anyone acting on Danco's behalf to mislead the PTO Examiner during prosecution of the patent.

The Court should grant Danco's motion to dismiss Lavelle's inequitable conduct counterclaim and affirmative defense under Rules 12(b)(6) and 12(f), because they fail to state valid claims as a matter of law. The Court should also refuse to indulge in Lavelle's implicit and untimely request for leave to file its "Proposed Second Amended Answer, Affirmative Defenses and Counterclaims," because Lavelle was not diligent in asserting (or attempting to remedy defects in) its inequitable conduct allegations. As a result, Lavelle cannot demonstrate the requisite good cause necessary in order to obtain leave of Court for further amending pleadings more than six weeks after the Court's prescribed deadline for doing so. Finally, even if the Court were to evaluate the merits of Lavelle's proposed second amended counterclaims and affirmative defenses, even those allegations continue to fail as a matter of law, and any leave to amend would be similarly futile. On these bases, Danco respectfully requests that the Court dismiss Lavelle's inequitable conduct counterclaim and affirmative defense.

A.      LAVELLE'S ORIGINAL INEQUITABLE CONDUCT COUNTERCLAIM AND AFFIRMATIVE DEFENSE FAIL AS A MATTER OF LAW.

> [T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account.  They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice. The charge was formerly known as "fraud on the Patent Office," a more pejorative term, but the change of name does not make the thing itself smell any sweeter.

*Burlington Industries, Inc. v. Dayco Corp.*, 849 F.2d 1418, 1422 (Fed. Cir. 1988).  Here, in its

Response, Lavelle contends that Danco's patent prosecution lawyer (and, now, miraculously, even the

inventor, who had no interaction whatsoever with the PTO), engaged in some sort of nebulous

"deceptive conduct" and of "intentionally misle[ading] the examiner" in a "deceptive and calculated"

manner" through "duplicitous means," even "lying to the examiner." *See* Docket Entry # 111 at pp. 1-2.

While long on rhetoric and devoid of any identification of any actual alleged misstatement or specific intent to deceive, if Lavelle's Response accomplished one thing it confirmed that the entire basis for its alleged inequitable conduct counterclaim and affirmative defense is the following capsule of four discrete events in the prosecution history of the '455 patent. First, the PTO Examiner issued an indefiniteness rejection on May 21, 2015, stating:

> 4. Claims 6-13 are rejected under 35 U.S. C. 112(b) or 35 U.S.C. 112 (pre-AlA), second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which the inventor or a joint inventor, or for pre-AlA the applicant regards as the invention.
>
> 5. Regarding claims 6 and 11, it is unclear as to what applicant means by "the second lip adapted to contact a bottom surface of the toilet." As shown in Fig. 27C, the lip 553 contacts the bottom of the adapter plate 503. On top of the adapter plate 503 is the flange of the collar adapter 113 and the sealing washer 119. The bottom surface of the toilet is in contact with the adapter plate 503 and the sealing washer 119. The second lip does not contact the bottom surface of the toilet.
> …
>
> 8. ***Claims 6-13 would be allowable if rewritten to overcome the rejection(s) under 35 U.S. C. 112(b) or 35 U.S. C. 112 (pre-AlA), 2nd paragraph, set forth in this Office action and to include all of the limitations of the base claim and any intervening claims.***

*See* Docket Entry # 95-4 at pp. 3, 6 (emphasis added). Second, the PTO Examiner and Danco attorney Robert Gravois conducted a telephonic interview on July 14, 2015, which the Examiner summarized, in pertinent part, as follows:

> A proposed amendment to claims 1 and 6 was submitted. ***The amendment defining the second lip of claim 6 adapted to be positioned under a bottom surface of the toilet seems to overcome the 112, 2nd rejection.*** … ***If claims 1 and 6 were amended to define the first lip located at the bottom and in contact with the flange of closet collar and the second lip located on the top and positioned right underneath the bottom surface of the toilet***, claims 1 and 6 would most likely overcome Nguyen et al. in view of Coronado. … Representative will discuss with applicant about claims 1 and 6 before filing an amendment in due course.
> .

Docket Entry # 113-8 (reproduced here as Ex. G).[1]  Third, as both discussed with and recommended

by the Examiner, Attorney Gravois filed an amendment to claims 1 and 6 on August 3, 2015, as

follows:

> 1. (Currently Amended) An apparatus comprising:
>
>   an annular collapsible portion;
>
>   a lower ~~a first~~ lip extending radially outward from a first end of the annular
> collapsible portion, the lower lip configured to contact a closet collar;
>
>   an upper ~~a second~~ lip extending radially outward from a second end of the
> annular collapsible portion, the upper lip configured to be positioned under a bottom
> surface of a toilet;[2] ....

Docket Entry # 95-5 at pp. 2, 4.  In the remarks following this amendment Mr. Gravois summarized

the July 14, 2015 telephonic interview as follows:

> On July 14th, 2015, Examiner Le and Applicant's representative, Robert Gravois
> (Reg. No. 67,224 ), conducted a telephonic interview. During the interview, claims 1 and 6
> were discussed in view of the references cited in the Office Action. ***The current
> amendments to claims 1 and 6 are consistent with proposed amendments discussed
> during the interview.***
>
> ***Examiner Le indicated that he agreed that the current amendments to claim 6
> would likely overcome the rejection of claim 6 under 35 U.S.C. § 112, second
> paragraph.*** In addition, Examiner Le indicated that he agreed that amended claims 1
> and 6 were likely patentable over the references cited in the Office Action. Applicant
> thanks Examiner Le for his time and consideration.

*Id.* at p. 8 (emphasis added).  Lastly, upon receipt of the above amendment, the Examiner issued a

Notice of Allowance for the claims of the '455 patent on August 20, 2015.

Viewing the entirety of the above record in a light most favorable to Lavelle, as Lavelle so

urges in its Response, Lavelle has still not identified in its amended counterclaim and defense either of

the requisite "affirmative ***misrepresentation*** of a ***material fact***" or "***specific intent to deceive*** the PTO"

---

[1]  It should be noted that Lavelle elected to withhold the Examiner's Interview Summary from its briefing to the Court
and from the exhibits to its amended inequitable conduct counterclaims and defenses.
[2]  Text deleted by the amended is indicated in strikethrough, while text added by the amendment is indicated in
underline.

it claims exists somewhere in the above exchange between the PTO Examiner and Mr. Gravois. *See Exergen*, 575 F.3d at 1327. Instead, Lavelle retreats to the position that "the documents cited in the counterclaim contain, on their face, the specific individuals who performed the identified misconduct." *See* Docket Entry # 111 at p. 4. Lavelle offers no further factual bases for its amended counterclaim and defense or additional demonstration that these pleadings are sufficient. Because Lavelle did not include the particular, specific identification of the "who, what, when, where, why *and* how" of the alleged inequitable conduct, as required by *Exegen*, Lavelle's original allegations fail to meet the heightened standard of particularity.

Even if the Court now finds, as Lavelle insists, that the "who" can tangentially be discerned from review unspecified parts of the record file history, Lavelle still has not identified any, actual alleged misstatement made to the PTO. While in its Response Lavelle makes a point to identify what misstatements *did not* occur, (*e.g.*, Docket Entry # 111 at 7 ("Lavelle has not alleged that Danco withheld any prior art reference from the examiner …")), Lavelle fails to allege or identify a single affirmative misstatement or omission that allegedly did occur. *See generally id.* at 7-8 (identifying the "what" as "Gravois and Schuster overcame the rejection by providing an amendment that they represented to the examiner would solve that problem …"). Lavelle's allegation appears to be that Mr. Gravois committed inequitable conduct by (1) amending a claim in direct response to a rejection, (2) consistent with a subsequent discussion with the Examiner and then (3) stating to the Examiner that the amendment would place the claim in a condition for allowance, as the Examiner and Mr. Gravois had each acknowledged in their respective summaries of their prior interview discussions. This series of events cannot constitute inequitable conduct, viewing the facts of record, here, under any lens.

Looking past Lavelle's Response brief to the allegations themselves, there appear to be only one allegation that could possibly constitute a material misstatement, if shown to be false:

56. During a telephone interview with the examiner prior to filing the August 5, 2015 response,

Attorney Gravois indicated that Danco would amend the language of the claims so that it would be "positioned under the bottom surface of the toilet." Attorney Gravois maintained that this language amendment to Claims 1, 6 and 11, and the consistent use of similar language in the new proposed Claim 14, should overcome the examiner's objections on indefiniteness.
…

77.   During a telephone interview with the examiner prior to filing the August 5, 2015 response, Attorney Gravois, on behalf of Schuster, *falsely* informed the examiner that the proposed amendments would resolve the examiner's rejection of the claims ….

Docket Entry #111-1 at 12 & 16 (emphasis added).  However, the only alleged falsehood referenced in

Lavelle's claims is an abject impossibility: the proposed amendments to the claims, in fact, ***did*** resolve

the examiner's prior rejection of the claims, as the Examiner so much said they would in the prior

interview with Mr. Gravois.  *See* Ex. G; Docket Entry # 95-5 at p. 8.  This failing plainly laid bare,

Lavelle then proceeds to make a blatant misrepresentation, itself, only this one is made ***to the Court***.

In its Response, Lavelle represents to the Court, in emphasized underline, that Mr. Gravois "clarif[ied]

[to the Examiner] that the claims did not cover a product that would directly contact the toilet[.]"

Docket Entry # 111 at p. 10 (emphasis is Lavelle's).  This is a manifestly untruthful statement by

Lavelle, as Mr. Gravois never made such a statement to the Examiner, and there is no document in the

record that contains such a statement.  Perhaps, this explains why Lavelle's amended inequitable

conduct counterclaim and defense (in either iteration) nowhere reference any such alleged statement,

despite Lavelle's briefing citation to both its amended counterclaim/affirmative defense and proposed

amendment for this proposition.  *Id*. (citing to various paragraphs of each pleading); *see also* Fed. R.

Civ. P. 11(b)(3).  It is allegations like Lavelle's that resulted in the above-referenced observation from

the Federal Circuit in the *Burlington Industries* case.  *See* 849 F.2d at 1422.

    In any event, as a matter of law, attorney argument during prosecution cannot be the basis of

an inequitable conduct claim.  *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1379 (Fed. Cir.

2008).[3] As to Lavelle's naked attempt to morph its inequitable conducts allegation into a claim

construction issue, it was entirely permissible for Danco to broaden its claims in response to an

indefiniteness rejection and drop the contact limitation, which was nevertheless specifically taught in

the species of claims elected for continued prosecution by Danco of the '455 patent. *3M Innovative*

*Props. Co. v. Avery Dennison*, 350 F.3d 1365, 1372 (Fed. Cir. 2003); *see Smith v. Snow*, 294 U.S. 1,

16 (1935) ("It is of no moment that in the course of the proceedings in the Patent Office the rejection

of narrow claims was followed by the allowance of the broader Claim 1."); *see* Docket Entry # 95-3.

      In this case, it is undisputed the Examiner rejected the original claims, and, after discussing the

claims with the Examiner, Mr. Gravois amended those claims. Ex. G. In amending the claims, Mr.

Gravois confirmed that the Examiner had "agreed that this amendment would likely overcome the

rejections," and as a result "Applicant respectfully requests that the rejections … be withdrawn."

Docket Entry # 95-5 at p. 8. This falls squarely within the purview of attorney argument and the

routine back-and-forth of patent prosecution but does not even begin to approach inequitable conduct.

Lavelle's argument does "not contain any factual assertions that could give rise to a finding of

misrepresentation." *Life Techs., Inc. v. Clontech Labs., Inc.*, 224 F.3d 1320, 1326 (Fed. Cir. 2000).

B.     LAVELLE'S ATTEMPT AT YET ANOTHER AMENDMENT OF ITS INEQUITABLE
        CONDUCT COUNTERCLAIM AND DEFENSE IS UNTIMELY, IMPROPER, AND
        WHOLLY WITHOUT GOOD CAUSE.

      The Agreed Docket Control Order states in no uncertain terms that the deadline for "Amended

---

[3] "Innogenetics' representation of the Cha PCT application amounted to mere attorney argument and our precedent has made clear that an applicant is free to advocate its interpretation of its claims and the teachings of prior art."); *Rothman v. Target Corp.*, 556 F.3d 1310, 1328-29 (Fed. Cir. 2009) ("While the law prohibits genuine misrepresentations of material fact, **a prosecuting attorney is free to present argument in favor of patentability without fear of committing inequitable conduct.** This court has little basis to find deceptive intent in the routine back and forth between examiner and applicant. Moreover, this court recognizes that the Patent Act gives the examiner the discretion to reject or accept an applicant's arguments based on the examiner's own conclusions regarding the prosecution record." (citation omitted)); *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007) ("Young argued against the rejection, and the examiner was free to reach his own conclusions and accept or reject Young's arguments. We therefore fail to see how the statements in the October 2005 Response, which consist of attorney argument and an interpretation of what the prior art discloses, constitute affirmative misrepresentations of material fact" (emphasis added).

Pleadings (pre-claim construction) … *including inequitable conduct allegations*" is *February 28, 2017*. (Docket Entry # 32 at p. 5) (emphasis added). Consequently, as of February 28, 2017 Lavelle may no longer amend its pleadings to add or amend inequitable conduct allegations without seeking leave of Court.[4] Lavelle's "Proposed Second Amended Answer, Counterclaims and Affirmative Defenses" that it informally attached as an exhibit to its Response brief comes almost two months after the Court's Docket Control Order deadline. Thus, to the extent Lavelle is considered to be submitting a request for leave for further amendment – which request appears for the first time in its Response brief – such request is both procedurally improper and out-of-time, and it should be rejected, accordingly.[5]

In attempting to rationalize its failure to properly seek leave to amend its inequitable conduct counterclaim, Lavelle cites to a future July 25, 2017 deadline to "Amend Pleadings (*after Markman Hearing*)" (*Id.* at p. 3 (emphasis added)) as somehow freely "giv[ing] the parties leave to amend without needing to file a motion for leave." Docket Entry # 111 at n. 4. However, that deadline, of course, is for amendments *after* the Court's scheduled May 16, 2017 *Markman* Hearing" and is inapplicable, here, for two obvious reasons. First, while Lavelle has demonstrated a willingness to disregard this Court's scheduling orders, even Lavelle must realize that the current stage of the case is not "after *Markman* Hearing." Second, when this case eventually reaches the period "after *Markman* Hearing," the July 25, 2017 post-*Markman* contention amendment deadline does not provide a free amendment period. Any such amendments after the Court's claim construction ruling file

---

[4] There is currently no pending motion by Lavelle seeking leave to amend its inequitable conduct pleadings out-of-time. Lavelle must seek leave from the Court to file its Proposed Second Amended Answer, Affirmative Defenses and Counterclaims. *See* Docket Entry # 32 at p. 5; Fed. R. Civ. P. 15 In seeking any such leave, Lavelle must demonstrate good cause to modify the scheduling order. *See S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that *Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired*. Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." (emphasis added)).

[5] Lavelle has also failed to meet and confer with Danco on any request for leave of Court to further amend its inequitable conduct counterclaim and affirmative defense after the deadline, as is laid bare by the absence of any discrete motion or requisite certification of conference by Lavelle in this regard.

amendments necessitated by the court's claim construction ruling. Because Lavelle openly admits that its inequitable conduct theory is based solely on the file history of the '455 patent (*see* Docket Entry #111 at p. 4 ("cited documents, which are portions of the public file history of the '455 patent, form a part of the pleading and adequately identify the individuals for purposes of 9(b).")), which has been publically available from the outset of this case, the *Markman* hearing will have absolutely no bearing on Lavelle's inequitable conduct theory. As a result, Lavelle will not be free to unilaterally amend its counterclaims and affirmative defenses to assert a presently-untimely inequitable conduct theory after the *Markman* hearing.

In any event, part of the good cause showing is demonstrating diligence in seeking amendment. *See, e.g.*, Docket Entry # 103. Because Lavelle's conduct is the antithesis of diligence, Lavelle's should be denied leave to file its proposed second amended counterclaim. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) (denying leave when "the same facts were known to [party] from the time of its original complaint to the time it moved for leave to amend. [Party] could have asserted [the cause of action] from the beginning, but fails to explain why it did not. [Party's] explanation for its delayed analysis [ ] -inadvertence- is tantamount to no explanation at all.").

Lavelle openly admits that its inequitable conduct claim is based entirely on "the public file history of the '455 patent[.]" Docket Entry #111 at 4. In addition to being publically available, Danco also produced a copy of the file history to Lavelle on or around August 16, 2016. Because Lavelle's original allegations were obviously insufficient, Lavelle now seeks to submit a proposed second amended counterclaim. However, Lavelle offers no explanation for its delay and offers no explanation for why its inequitable conduct allegations were not asserted from the outset of this action. Accordingly, Lavelle has not been diligent, cannot demonstrate good cause for its out-of-time attempted additional amendment.

10

Respectfully submitted, this 11th day of April, 2017.

Respectfully,

*/s/ Eric G. Maurer*

Geoff Culbertson
Texas Bar No. 24045732
PATTON TIDWELL & CULBERTSON LLP
2800 Texas Boulevard
Texarkana, Texas 75503
Telephone: (903) 792-7080
Facsimile: (903) 792-8233
*gpc@texarkanalaw.com*

Eric G. Maurer
Georgia Bar No. 478199
Cynthia J. Lee (*pro hac vice*)
Georgia Bar No. 442999
Scott P. Amy
Georgia Bar No. 141416
THOMAS HORSTEMEYER LLP
400 Interstate North Parkway SE, Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

*eric.maurer@thomashorstemeyer.com*
*cynthia.lee@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

DANCO, INC.,

     Plaintiff,

v.

                                  Civil Action No.: 5:16-CV-00048

LAVELLE INDUSTRIES, INC.,

     Defendant.

                                  ORAL ARGUMENT REQUESTED

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on April 11, 2017, I caused a true and correct copy of the foregoing

DANCO, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS/STRIKE DEFENDANT'S

INEQUITABLE COUNTERCLAIM/AFFIRMATIVE DEFENSE FOR FAILURE TO STATE A

CLAIM to be served this day in electronic form on all counsel of record via filing same with the Court

via CM/ECF.

                                 Respectfully submitted,

                                 */s/ Eric. G. Maurer*

                                 Geoff Culbertson
                                 Texas Bar No. 24045732
                                 PATTON TIDWELL & CULBERTSON LLP
                                 2800 Texas Boulevard
                                 Texarkana, Texas 75503
                                 Telephone: (903) 792-7080
                                 Facsimile: (903) 792-8233
                                 *gpc@texarkanalaw.com*

                                 Eric G. Maurer
                                 Georgia Bar No. 478199
                                 Cynthia J. Lee (*pro hac vice*)
                                 Georgia Bar No. 442999
                                 Scott P. Amy
                                 Georgia Bar No. 141416
                                 THOMAS HORSTEMEYER LLP

400 Interstate North Parkway SE, Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
*eric.maurer@thomashorstemeyer.com*
*cynthia.lee@thomashorstemeyer.com*
*scott.amy@thomashorstemeyer.com*

*Counsel for Plaintiff Danco, Inc.*